UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL CREFT, | : | CIVIL ACTION–LAW |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | JURY TRIAL DEMANDED |
| | : | |
| OFFICER WISINSKI and OFFICER HARRISON, | : | |
| | : | No. |
| Defendants. | : | |

## COMPLAINT

Plaintiff Michael Creft ("Mr. Creft"), by and through his counsel, Barry H. Dyller, Esq. of the Dyller Law Firm, hereby complains against defendants as follows.

## JURISDICTION AND VENUE

1. This action arises out of violations of 42 U.S.C. § 1983.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the defendants reside in this state and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

4. Mr. Creft is an adult resident of East Stroudsburg, Pennsylvania.

5. At the time of the incidents described below, Mr. Creft resided in the State Correctional Institution at Dallas, in Dallas, Pennsylvania.

6. Defendant Officer Wisinski (first name not known at this time) was at all relevant times a correctional officer employed by the Commonwealth of Pennsylvania, Department of Corrections.

7. Defendant Officer Harrison (first name not known at this time) was at all relevant times a correctional officer employed by the Commonwealth of Pennsylvania, Department of Corrections.

8. Upon information and belief, defendants are residents of the Commonwealth of Pennsylvania.

## BACKGROUND

### Mr. Creft's Report that Wisinski Made Sexual Advances Toward Him

9. In May 2016, Mr. Creft reported to prison authorities that defendant Wisinski made sexual advances toward him, including groping Mr. Creft's buttocks. Mr. Creft made this complaint both in writing and by calling and leaving a message on a PREA (Prison Rape Elimination Act) hotline.

10. After this complaint, Wisinski was removed from the unit on which Mr. Creft was held but was returned a short time later.

11. During the time Wisinski was removed from the unit, Harrison threatened Mr. Creft by stating he would not be paroled.

12. Mr. Creft was not interviewed by prison officials who were supposedly investigating his sexual harassment complaint about Wisinski.

13. Wisinski was returned to Mr. Creft's unit and Mr. Creft was not separated from Wisinski.

### Wisinski Caused Mr. Creft to be Charged With a Misconduct

14. On or about April 29, 2016, Wisinski filed a misconduct against Mr. Creft charging him with abusive language, failing to stand count, and refusing an order.

15. This misconduct was filed in order to retaliate against Mr. Creft for his complaint that Wisinski sexually harassed him.

16. Mr. Creft filed a grievance regarding Wisinski's false misconduct.

### Wisinski and Harrison Participated in an Assault and Stabbing of Mr. Creft

17. On or about July 2, 2016, defendants Wisinski and Harrison held Mr. Creft down while multiple inmates stabbed Mr. Creft numerous times throughout his head and body.

18. Wisinski and Harrison caused the inmates to attack and stab Mr. Creft, and participated in the assault by holding Mr. Creft down and rendering him helpless.

### Harrison Caused Mr. Creft to be Charged with A Misconduct

19. As further retaliation against him and to cover up the defendants' participation in his stabbing, Harrison charged Mr. Creft with a misconduct for fighting, refusing to obey an order, and possession of contraband following his stabbing.

20. In the misconduct, Harrison concealed the fact that Mr. Creft was stabbed, and falsely stated that Mr. Creft was in possession of the shank used to stab him.

21. Mr. Creft filed a grievance about his stabbing, and in his grievance he accused Wisinski and Harrison of encouraging and participating in his stabbing.

### Mr. Creft Was Denied Food Multiple Times Because He Reported Wisinski's Sexual Advances

22. On multiple occasions, Mr. Creft was denied meals as retaliation for having reported Wisinski's sexual advances and for filing grievances regarding Wisinski's and Harrison's actions.

23. Upon information and belief, Wisinski and/or Harrison were causes of Mr. Creft not being fed.

### Damages

24. Mr. Creft suffered substantial damage by virtue of defendants' actions, including their retaliation against him, as discussed above.

## COUNT ONE
(42 U.S.C. §1983)

25. Plaintiff incorporates all paragraphs above herein by reference with the same force and effect as if they were set forth at length.

26. Defendants' conduct and their conspiracy as set forth above constituted intentional punishment and was objectively unreasonable. Such conduct constituted cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.   In addition, such conduct constituted a deprivation of Mr. Creft's due process rights under the Fourteenth Amendment to the United States Constitution.

27. Defendants' conduct set forth above also constituted retaliation for Mr. Creft's exercise of his First Amendment rights of free speech and to petition government.

28. Defendants' conduct was therefore a deprivation, under color of state law, of rights guaranteed to Mr. Creft under the First, Eighth and Fourteenth Amendments to the United States Constitution.

29. As a result of defendants' violations of Mr. Creft's constitutional rights, Mr. Creft suffered injuries and/or damages.

WHEREFORE, Plaintiff demands judgment as follows:

    A.    For Count One, an amount to be determined at trial, including punitive damages and interest;

    B.    For Plaintiff's attorneys' fees pursuant to 42 U.S.C. §1988;

    C.    For costs and disbursements incurred in this action; and

    D.    Any such other relief as the Court may deem just and proper.

Respectfully submitted,

DYLLER LAW FIRM

<u>/s/ Barry H. Dyller, Esq.</u>
<u>/s/ Shelley L. Centini, Esq.</u>
Attorney for Plaintiff
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.